912 F.2d 464
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William F. KINCAID, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
William F. KINCAID, Jr., Defendant-Appellee.
 Nos. 89-5753, 89-5757.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 2, 1990.
Decided Aug. 28, 1990.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CR-89-98-HM)
 Louis T. Savino, Jr., Philadelphia, Pa., for appellant.
 Breckinridge L. Willcox, United States Attorney, Andrew G.W. Norman, Assistant United States Attorney, Organized Crime Drug Enforcement Task Force, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED AND REMANDED.
 Before CHAPMAN and WILKINSON, Circuit Judges, and HAMILTON, United States District Judge for the District of South Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Following a jury trial, William F. Kincaid, Jr., was convicted of (Count 1) conspiracy to distribute cocaine and to possess with intent to distribute cocaine, (Count 2) possession with intent to distribute cocaine, (Count 4) attempting to distribute and to possess with intent to distribute cocaine, and (Count 5) using a firearm during the commission of a drug trafficking crime, the firearm being a .38 caliber Smith & Wesson revolver. He was acquitted on Count 3 which charged the use of a .12 gauge shotgun during the commission of a drug trafficking crime. He was sentenced to 188 months incarceration without parole on Counts 1, 2 and 4, with the terms of incarceration to be served concurrently. On Count 5 he was sentenced to 60 months incarceration to be served consecutively to the other sentences imposed.
 
 
 2
 Kincaid has appealed claiming error by the district court (1) in failing to find that the prosecutor had violated his due process rights under the Fifth Amendment because of the prosecutor's failure to turn over to defense counsel FBI interview forms 302 summarizing interviews with Constantine Janouris, a government witness; (2) in admitting the testimony of a government agent enlarging the conspiracy charged against appellant; and (3) in incorrectly calculating the appellant's criminal history category under the sentencing guidelines.
 
 
 3
 The government has filed a cross appeal challenging the district court's 2-point downward adjustment granted because Kincaid had accepted responsibility under Sec. 3E1.1(a) of the sentencing guidelines.
 
 
 4
 We affirm the convictions but remand for reconsideration of the criminal history computations used to arrive at the sentences, because it appears that the court used Sec. 4A1.1(d) to increase the criminal history level because it felt the instant offense was committed while the appellant was under a criminal justice sentence. The record reflects that appellant was not under a sentence at the time of the instant offense, but was awaiting sentence by another judge of the U.S. District Court.
 
 
 5
 On the government's appeal, we do not find the district court to have been clearly erroneous in giving the appellant a 2-point downward adjustment for acceptance of responsibility.
 
 
 6
 * Appellant was originally indicted with Constantine Janouris, but after Janouris entered a guilty plea and agreed to assist the government, appellant went to trial on a superseding indictment and Janouris testified for the prosecution. During cross-examination of Janouris, defense counsel developed from Janouris that he had been "involved in some type of a scam with banks and savings and loans." The witness admitted that he had told the FBI of his involvement. This information had not been furnished to defense counsel prior to trial. At the time this issue arose at trial, the government attorney did not know if there were any records of the interview, but stated that he would find out immediately and furnish copies. The court, out of the presence of the jury, allowed defense counsel to question the witness at length about his bank frauds, and since it was near the end of the day, the cross-examination of the witness continued without reference to the scams. The court recessed with Janouris still under cross-examination. During the evening recess, the United States Attorney obtained two form 302s from the FBI covering the interviews with Janouris. These were first presented to the court and then to defense counsel. Prior to beginning trial the following day, defense counsel was allowed to review these forms, but he decided that he would not pursue the scam issue any further and did not question Janouris about the information in the 302 reports.
 
 
 7
 Appellant now contends that these reports were Brady material, see Brady v. Maryland, 373 U.S. 83 (1963), and that he was denied his due process rights because this material was not presented prior to trial.
 
 
 8
 There is no merit to this claim because appellant had ample opportunity to review this material and to use it in an effort to discredit the testimony of Janouris. The question is not when the material was made available, but whether it was made available in time for the defendant to make use of it. These 302 reports were not exculpatory material, but were simply impeachment material to be used in an effort to undermine the credibility of a witness. There is nothing in Brady v. Maryland that requires disclosure of such material prior to trial. The issue is whether disclosure is made before it is too late for the defendant to make use of any benefits of the evidence. United States v. Ziperstein, 601 F.2d 281, 291 (7th Cir.1979), cert. denied, 444 U.S. 1031 (1980). On the present facts, appellant's counsel had ample time to make use of this material in the cross examination of the government witness.
 
 II
 
 9
 There is no merit to the claim that the testimony of special agent Douglas Biales enlarged the conspiracy to include the Colombian cocaine cartels. The special agent was called as an expert in the methods and practices used by cocaine distributors and to give evidence about the price of cocaine. In describing the chain of cocaine distribution, he testified as to the countries that produced cocaine, particularly Colombia, and also about couriers used to bring cocaine to the United States. This did not amount to an enlargement of the conspiracy, nor was it testimony the probative value of which was outweighed by its prejudicial effect so as to be excluded under Federal Rule of Evidence 403.
 
 III
 
 10
 In calculating appellant's criminal history, the probation officer assessed an additional 2 points pursuant to Sec. 4A1.1(d) of the sentencing guidelines. This section provides that 2 points shall be added if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."
 
 
 11
 In the presentence report prepared by the probation officer, it is stated: "At the time the instant offense was committed, the defendant was awaiting designation for the service of a sentence that was imposed on 3/7/89, pursuant to Section 4A1.1(d), two points are added." At sentencing, the district judge stated:
 
 
 12
 The defendant really has only one prior offense that counts on the criminal history score, but there is also the point that this present offense was committed while he was awaiting sentence on a charge before Judge Motz, or rather waiting for a designation for the service of the sentence imposed by Judge Motz which gives the score which translates into a criminal history category of three.
 
 
 13
 From this statement it appears that the district judge was of the opinion that Kincaid had already been sentenced and, therefore, was under a criminal justice sentence at the time he committed the instant offense. Kincaid argues, and the government concedes, that at the time of the instant offense he was on bail awaiting his sentence in the District of Maryland for bank fraud. He was arrested for the present offense on February 23, 1989, and immediately detained and has been in custody since that date. The bank fraud sentencing took place on March 7, 1989, so appellant was not under a sentence when he committed any of the crimes of which he was convicted in the present case. The indictment charges that the instant crimes were committed between August 1988 and February 23, 1989.
 
 
 14
 Whether a defendant was pending trial or sentencing on another charge at the time of the instant offense is an element that may be considered by the district court as a reason for departing from the otherwise applicable guideline range under Sec. 4A1.3(d). However, it does not appear from the record that the district court had this section in mind when it established the criminal history category for Kincaid. Therefore, this case must be remanded to the district court for resentencing and reconsideration of the proper criminal history category.
 
 
 15
 The trial judge on resentencing should consider 18 U.S.C. Sec. 3147, which applies to persons committing a crime while on release pursuant to bail. On July 7, 1989, the United States Attorney filed notice that an enhanced sentence would be sought under this statute if Kincaid was convicted. If an enhancement under this statute is made, the provisions of Sentencing Guidelines Sec. 2J1.7 would apply and add 3 levels to the offense level for an offense committed while on release.
 
 IV
 
 16
 The determination of whether to give a reduction for acceptance of responsibility under Sec. 3E1.1 of the sentencing guidelines is a factual finding and is therefore reviewable under the clearly erroneous standard. United States v. White, 875 F.2d 427, 431 (4th Cir.1989). From a review of the record and the statements made by the sentencing judge, we cannot find that his decision to grant a reduction for acceptance of responsibility was clearly erroneous.
 
 
 17
 Therefore, we affirm the appellant's convictions, deny the government's appeal, and remand for resentencing.
 
 
 18
 AFFIRMED AS TO CONVICTIONS REMANDED FOR RESENTENCING.